( Decided March 12th, 1867.)

WM. WALSH, Adm'r of JOHN BRADY, Dec'd.—Ex-Parte.

INTEREST,—ADMINISTRATOR WHEN NOT CHARGEABLE WITH.—Where funds remain in the hands of an administrator, who has failed, after diligent effort, to ascertain the next of kin of his intestate, the Orphans' Court having refused to allow the administrator to invest the fund, cannot hold him to the payment of interest in the absence of any proof that he used the money or made interest out of it.

APPEAL from the Orphans' Court of Allegany county.

This is an appeal from an order of the Court below holding the administrator, Walsh, responsible for interest upon funds retained in his hands while seeking to ascertain the next of kin of his intestate, the Court having previously refused to allow the administrator to invest said funds on his *ex-parte* application by petition, for authority to invest the same. There was no proof before the Court that the administrator had used the money or made interest out of it.

The cause was submitted, on the brief filed, to the full Court, Bowie, C. J., and Bartol, Goldsborough, Cochran and Weisel, J.

J. H. *Gordon,* for the appellant, submitted the following brief:

The record in this case is very short, and it is therefore only necessary to present to the Court of Appeals the point in controversy. The appeal is taken from an order of the Orphans' Court charging the administrator with interest on the sum of $988.12, from the fifth day of February, 1857.

I think the Orphans' Court erred in charging the administrator with interest, and for that purpose would rely upon the decision of *Michel, Adm'r of Campbell, vs. Cross, Adm'r of Neilson,* 10 *Md. Rep.,* 352.

The only evidence before the Court in regard to the matter, is the petition filed by the administrator, showing that after the payment of the debts of the intestate, the balance remained to be distributed to his heirs-at-law. That the administrator had always, from that time, been ready and willing to pay over the balance, and that no parties as heirs had appeared to claim it, and that the administrator having learned that the deceased had heirs, had been trying to find them.

There is no evidence to show that the administrator had used the money or derived any advantage from retaining it.

The case referred to, as well as all the authorities, show that the administrator is not responsible for interest unless it appears that he received interest or advantage from it, or when he has been guilty of culpable inattention to duty by keeping money in his hands when there is no reason or necessity for so doing.

In this case, as shown by the petition, there was good

reason for keeping the money in hand. The administrator had information that there were heirs who would probably come forward to claim the money, and there is no evidence to show that he used it or derived advantage from its retention, on the contrary he says, that he was always ready and willing to pay it over.

The Court of Appeals in 10 *Md. Rep.*, 361, say, that "being ready and willing at all times to pay, protected the estate of Neilson from any claim for interest," and the same principle must apply in this case; the case must therefore be reversed.

No counsel appeared *contra.*

WEISEL, J., delivered the opinion of this Court.

The order passed in this case by the Orphans' Court of Allegany county was upon an *ex-parte* application of the administrator himself. He appeals from the order because it directed him to be charged with interest on the balance in his hands from the 5th day of February, 1857. He alleges in his report a petition to the Court below, for its further action; that having made all endeavors to find out the next of kin of his intestate, he applied to the Court to lend the money out, and the Court refused it, and that the money has remained necessarily in his hands in consequence of this refusal. He relies upon the case of *Mickle vs. Cross*, 10 *Md. Rep.* That, however, was the case of a known legatee, who would neither receive nor renounce the legacy bequeathed to him, and who was repeatedly applied to, to take the money; the executor investing a portion of the fund and having cash for the residue to meet its payment whenever demanded.

The law allows an executor or administrator in any case where money is thus in his hands, to apply to the Orphans' Court for an order to invest it, and the Court has

power in its discretion so to direct. An appeal from an order of refusal, in a matter of discretion, would not lie, and, therefore, the administrator in such case would not be at fault, but the Court itself. ( 1831, *ch.* 315, *secs.* 4 and 6, 1 *Code, Art.* 93, *sec.* 237.) The Court, however, in this case requires the administrator to charge himself with interest in the face of a report to the Court, that he had made application to it for an order to lend out the money, which was refused. Can the Court in the face of this declaration, there being nothing in contradiction or denial of it, and nothing to show that the administrator either used the money or made interest out of it, hold him to the payment of interest? We think not. At the same time we are of opinion that parties interested, and yet to be ascertained, ought not to be concluded by the judgment of this Court in an *ex-parte* proceeding like this. A farther account is unnecessary if nothing but interest is to be charged since the last settlement, and the administrator should not be liable to it. The Court below can order the principal to be invested, leaving the question of interest to be litigated hereafter between the administrator and the parties found entitled, upon proper allegations and proof. The rules holding trustees to the payment of interest, in certain cases, are not to be relaxed, but enforced wherever a clear excuse is not shown.

We reverse the order below, and remand the case to the Orphans' Court of Allegany county, for such action as may consist with these views ; the costs to be paid out of the estate.

*Order reversed and cause remanded.*